64 F.3d 655
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry Wilbert BRANDT; Gaylene Brandt, Plaintiffs-Appellants,
v.
Charles CHIDESTER; Twin City Transportation, Incorporated,
a corporation, Defendants,
v.
RAVENSWOOD ALUMINUM CORPORATION, Movant-Appellee.
 No. 94-1231.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1994.
Decided Aug. 14, 1995.
 
 ARGUED: David R. Karr, Jr., Ravenswood, WV, for Appellants. John W. Woods, BOWLES RICE McDAVID GRAFF & LOVE, Charleston, WV, for Appellee.
 Before LUTTIG and WILLIAMS, Circuit Judges, and CHASANOW, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 At issue in this appeal is the disposition of $35,392.88 plus accrued interest deposited into the registry of the district court at the request of the defendants in a diversity personal injury case. The plaintiffs, Henry Wilbert Brandt and Gaylene Brandt, Appellants here, sued Charles Chidester and Twin City Transportation, Inc., defendants below, for injuries Mr. Brandt sustained in a motor vehicle accident that occurred during the course of his employment. Before filing suit, Mr. Brandt had filed a workers' compensation claim with his employer, Ravenswood Aluminum Corporation (RAC). RAC paid Mr. Brandt's claim, which included $35,392.88 in medical benefits. Upon learning that Mr. Brandt had filed a personal injury action, RAC sought leave to intervene in the action in order to protect its claim for subrogation. The trial court denied RAC's motion to intervene, concluding that the company's subrogation rights were adequately protected by a subrogation statement that Mr. Brandt signed on June 24, 1993.*
 
 
 2
 Ultimately, the parties settled the personal injury action for $325,000.00. As part of this settlement, Mr. Brandt and Twin City agreed to have Twin City pay into the district court the $35,392.88 subject to RAC's subrogation lien, pending further order of the district court. Accordingly, Defendants moved for leave to pay the funds into the court, and the trial court granted their motion. (J.A. 46.)
 
 
 3
 Upon learning of the settlement and of the parties' agreement, RAC moved for leave to file a petition to disburse the funds. (J.A. 51.) Mr. Brandt opposed RAC's motion. (J.A. 61-66.) He did not dispute RAC's right to subrogation; he, instead, challenged the precise amount due RAC out of the settlement, claiming that the $35,392.88 sought had to be reduced by the percentage of comparable negligence assignable to Mr. Brandt and by a percentage of attorney's fees and costs of litigation. Mr. Brandt also challenged the court's jurisdiction to consider the petition. In a Memorandum Opinion, Judge Haden concluded that the court had jurisdiction and that the entire amount should be disbursed to RAC. (J.A. 67.) We affirm.
 
 
 4
 The first issue is the jurisdiction of the district court to order disposition of the funds. Although the court denied RAC's motion to intervene, Plaintiffs recognized RAC's interests in the litigation with Defendants because of its claim for subrogation. The district judge denied RAC's first motion to intervene on the express assumption that the subrogation statement was adequate protection for RAC. (J.A. 45.) Some months later, both Plaintiffs and Defendants sought the assistance of the court in allowing the deposit of the disputed funds. The underlying case was dismissed a few days later, but the "action [was to] remain on the Court's docket pending resolution by the Plaintiffs and Ravenswood Aluminum Corporation of their dispute regarding that certain sum paid unto the Clerk of this Court ..." (J.A. 48.)
 
 
 5
 Once the funds were deposited into the court's registry, a court order was required to effect disbursement. The parties originally recognized that the dispute was between Plaintiffs and RAC, and eventually, by granting RAC's motion for leave to file the petition, the district court formally recognized RAC's status. We conclude that the district court did not exceed its jurisdiction.
 
 
 6
 The next issue is whether RAC is entitled to recover its lien in full under the circumstances of this case. West Virginia law provides:
 
 
 7
 [I]f an injured worker ... makes a claim against said third party and recovers any sum thereby, the commissioner or a self-insured employer shall be allowed subrogation with regard to medical benefits paid as of the date of the recovery: Provided, That under no circumstances shall any moneys received by the commissioner or self-insured employer as subrogation to medical benefits expended on behalf of the injured or deceased worker exceed fifty percent of the amount received from the third party as a result of the claim made by the injured worker ... after payment of attorney's fees and costs, if such exist.
 
 
 8
 W. Va.Code Sec. 23-2A-1(b). Plaintiffs contend that the term "subrogation" in this statute should take its meaning from other sources and that any amount recovered must be reduced by a proportionate share of attorney's fees and expenses. The trial court concluded that the only limitation on subrogation was the cap of fifty (50) percent. Plaintiffs' argument that different subrogation statutes, with different provisions, should be applied here must be rejected. It is simply an attempt to create ambiguity in the otherwise clear language of the statute.
 
 
 9
 Plaintiffs have not seriously challenged the calculations proposed by RAC. Out of the $325,000 settlement, Plaintiffs' attorneys took forty (40) percent, or $130,000. Plaintiffs incurred between $25,000 and $35,000 in costs and expenses, leaving a net recovery of at least $160,000. Thus, an allowable lien could be as large as fifty (50) percent of that, or $80,000. The actual lien, $35,392.88, is below that cap and thus fully recoverable.
 
 
 10
 Plaintiffs would have that amount reduced by some amount, not specified, for RAC's share of the attorney's fee and expenses. There is nothing in the statute that requires such a calculation. Accordingly, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Subrogation Statement, signed June 4, 1993, stated in part:
 In connection with my workers' compensation claim, No. 91-56750, for an injury occurring on October 8, 1990, I acknowledge that West Virginia Code Sec. 23-2A-1 establishes a lien on behalf of Ravenswood Aluminum Corporation pertaining to medical benefits paid by [RAC] as my employer pursuant to this claim. That lien for medical benefits shall not exceed 50% of any recovery, after attorney's fees and costs, which I might receive from any third party for my injury of October 8, 1990.